UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONNELL SMITH, | ) | Case No. 1:07CV1046 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT[1] |
| | ) | |
| MICHAEL ASTRUE, | ) | |
| COMMISSIONER OF | ) | MEMORANDUM OPINION AND ORDER |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

The instant case is before the Court upon the filing of briefs by Plaintiff Ronnell Smith (Plaintiff) and Defendant Commissioner of Social Security Michael Astrue (Defendant). ECF Dkt. #s 18, 19. For the following reasons, the Court FINDS that Plaintiff's due process rights were violated and the ALJ improperly dismissed Plaintiff's hearing request. Accordingly, the Court REMANDS this case for a hearing of Plaintiff's claim on the merits. ECF Dkt. #1.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2007, this Court issued a Memorandum Opinion and Order denying Defendant's motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. ECF Dkt. #16 at 1. The undersigned found that Plaintiff presented a colorable constitutional claim in his complaint, which alleged that the ALJ violated his due process rights by denying him a hearing in connection with the denial of DIB. *Id*. Plaintiff had alleged that neither

---

[1] On August 22, 2007, the parties consented to this case being transferred to the docket of undersigned for further proceedings. ECF Dkt. #13.

he nor his attorney received notice of the Social Security Administration's (SSA) denial of his motion for reconsideration which challenged the initial denial of his application for benefits. *Id.* On October 12, 2006, more than one year after his request for reconsideration was denied, Plaintiff, through counsel, had filed a request for an ALJ hearing asking that the ALJ find good cause and accept the late filing of the request because neither he nor his counsel received the March 21, 2005 denial of the request for reconsideration. ECF Dkt. #11-2 Declaration, Exhibit 2. Plaintiff stated that the denial notice was sent to an old address. ECF Dkt. #1 at 2.

On November 16, 2006, the ALJ issued an order of dismissal finding that good cause did not exist in which to extend the time for Plaintiff's filing of his request for hearing. ECF Dkt. #11-2 Declaration, Exhibit 3. The ALJ found that Plaintiff and his attorney were sent notice of the denial of the request for reconsideration and they failed to request a hearing within the required sixty days from the date of the reconsideration notice. *Id.* at 2. The ALJ further found that it was Plaintiff's obligation to notify the SSA of any change of address, which he did not do. *Id.* The ALJ also noted that Plaintiff's attorney waited over twenty-one months before questioning the status of the appeal even though she was served a copy of the denial of the request for reconsideration. *Id.* Based upon 20 C.F.R. § 933(b), the ALJ found that the date that the notice was received was presumed to be five days after the date on the notice unless a reasonable showing was made to the contrary and such a showing was not made in Plaintiff's case. *Id.*

On April 10, 2007, Plaintiff filed the instant action pursuant to 42 U.S.C. § 405(g) and the Fourteenth Amendment of the United States Constitution. ECF Dkt. #1. Plaintiff avers that the ALJ's dismissal of his request for a hearing violated his Fourteenth Amendment due process rights

to receive notice and to have the opportunity to be heard. *Id.*

Defendant responded by filing a motion to dismiss the complaint for lack of subject matter jurisdiction, arguing that no "final and appealable decision" existed as required by 42 U.S.C. § 405(g) and Plaintiff's complaint failed to raise a colorable constitutional claim to sustain a Fourteenth Amendment challenge because Plaintiff had opportunities to present evidence to support a finding of good cause for his late filing for a request for an ALJ hearing, but he submitted little to no evidence showing that neither he nor his attorney received the notice of denial of reconsideration. ECF Dkt. #11 at 4-5. Plaintiff filed an opposition memorandum conceding that no final and appealable order existed, but arguing that this was not dispositive as to whether his claim could proceed in this Court. ECF Dkt. #14 at 3.

On October 17, 2007, this Court issued the Memorandum Opinion and Order denying Defendant's motion to dismiss, finding that Plaintiff had presented a colorable constitutional claim in his complaint. ECF Dkt. #16. Consequently, the Court ordered the parties to submit briefs relating to the merits of Plaintiff's due process claim. *Id.* at 8.

## II. LAW AND ANALYSIS

The Fifth Amendment of the United States Constitution provides protection when the United States attempts to deprive an individual of life, liberty or property. *Flatford v. Chater,* 93 F.3d 1296, 1304-1305 (1996). This protection of due process requires notice and a hearing before a deprivation of life, liberty or property. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950). In *Flatford*, the Sixth Circuit Court of Appeals did not determine that a social security claimant has a property interest in benefits for which he hopes

-3-

to qualify, but assumed that such a property interest exists based upon United States Supreme Court caselaw. 339 F.3d at 1305 (citations omitted).

In asserting that no due process violation occurred in the instant case, Defendant relies upon 20 C.F.R. § 404.922 and caselaw holding that due process is not violated when the Agency mails a written notice of a reconsideration determination to the claimant and any other parties at their last known addresses. ECF Dkt. #18 at 4-5. Defendant asserts that its records, which show that the reconsideration notice in this case was issued on March 21, 2005 to Plaintiff and his attorney at their last known addresses, create a presumption pursuant to 20 C.F.R. § 404.901 that Plaintiff and his attorney received the notices five days later. *Id.* at 5.

The Court finds that Defendant is not entitled to rely upon the five-day presumption in this case. 20 C.F.R. § 404.933(b), relied upon by the ALJ, provides the following in relevant part:

> **§404.933 How to request a hearing before an administrative law judge**.
>
> (b) When and where to file. The request must be filed–
>
> (1) Within 60 days after the date you receive notice of the previous determination or decision (or within the extended time period if we extend the time as provided in paragraph (c) of this section);

20 C.F.R. § 404.901, the definition section of this regulation also relied upon by the ALJ, provides:

> Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.

20 C.F.R. § 404.933(c) provides:

> Extension of time to request a hearing. If you have a right to a hearing but do not request one in time, you may ask for more time to make your request. The request for an extension of time must be in writing and it must give the reasons why the

-4-

> request for a hearing was not filed within the stated time period. You may file your request for an extension of time at one of our offices. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in 404.911.

20 C.F.R. § 404.911 (b)(7) provides the relevant example of good cause in this case:

> **§ 404.911 Good cause for missing the deadline to request review**.
>
> (b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:
>
> (7) You did not receive notice of the determination or decision.

Here, the ALJ and Defendant rely upon the notice of denial of reconsideration that was placed in Plaintiff's file as evidence that he and his attorney were mailed the notices. ECF Dkt. #11-3 ("[t]he claimant received a reconsideration notice dated March 21, 2005 stating a request for hearing must be filed within 60 days of the date of the notice of reconsideration. The claimant's attorney, who had been retained on August 4, 2004, also received the reconsideration notice."); ECF Dkt. #18 ("[t]he Commissioner's records, showing that the reconsideration notice was issued on March 21, 2005 to Plaintiff's last known address and to Plaintiff's attorney at her last known address..."). Based upon the "receipt" of the notice by Plaintiff and his attorney, the ALJ and Defendant then apply the presumption in 20 C.F.R. § 404.901 that Plaintiff and his attorney received the notices five days after the March 21, 2005 issuance date on the notice.

Neither Defendant nor the ALJ are entitled to apply the five-day presumption because no evidence exists showing that the notices of denial of reconsideration were mailed. In *McKentry v. Secretary of Health and Human Services*, 655 F.2d 721, 723 (1981), the Sixth Circuit Court of Appeals held that the sixty-day period for requesting a hearing did not run from the date of the

mailing of the notice but rather from the date that the notice was received. The Court further held that the Secretary was not entitled to rely upon the five-day presumption of receipt of the notice because no evidence existed in the record showing that the notice was ever mailed to the claimant. *Id.* The Court found that "[t]he presence of a piece of paper in the Department's file [a copy of a Notice of Reconsideration dated August 29, 1977] is not necessarily proof of mailing." The Sixth Circuit also held that even if the presumption of receipt did arise, it was rebuttable and in fact was rebutted by the claimant who introduced evidence of his non-receipt of the notice. *Id*.

Defendant attempts to distinguish the instant case from *McKentry*, asserting that the Sixth Circuit "relied heavily on the fact that the Agency's records did not reflect that a copy of the notice had been sent to the claimant's attorney." ECF Dkt. #18 at 10, citing *McKentry*, 655 F.2d at 721-724. However, in the present case, the only indication that a copy of the notice was sent to Plaintiff's attorney is the typewritten text "cc: Louise Mosher" which was typed twice on the notice of reconsideration denial form. There is no address listed on the form and Defendant provides no other proof that the notice was mailed to Plaintiff's attorney. *McKentry* held that the notice itself is insufficient to establish that it was mailed. And while Defendant challenges the "bald assertion" of Plaintiff's counsel that she did not receive a copy of the notice as insufficient to establish a lack of notice, the Court accepts this assertion of counsel because she is an officer of the Court.

Further, while Mr. Baskerville's declaration states that he is responsible for the processing of social security claims whenever a civil action is filed in the State of Ohio, the only indication that he gave of any proof of mailing was merely the declaration that "the file" showed that on March 21, 2005, a reconsideration determination was issued. ECF Dkt. #11-3 at 2. He then, without support,

states that copies of the denial of reconsideration denial were *mailed* to Plaintiff at his address and his attorney at her address. *Id.* at 2-3. He also relies upon the Notice of Reconsideration that was stamped with the date of March 21, 2005 as evidence that it was mailed. This is the same notice that the Sixth Circuit found insufficient to establish proof of mailing in *McKentry*. Similarly, it is insufficient proof in this case as well.

Defendant also attempts to distinguish *McKentry* by asserting that the *McKentry* Court took judicial notice of a number of cases on its docket involving the theft of correspondence from the Agency to claimants. ECF Dkt. #18 at 10, citing *McKentry*, 655 F.2d at 724. This Court cannot imagine that theft of social security correspondence has decreased since 1981, especially when Defendant himself informs the Court that as of June 30, 2007, almost 50 billion beneficiaries were receiving Social Security benefits, and the Agency had processed over 558, 000 hearings and over 715, 000 requests for hearings were pending in fiscal year 2006. ECF Dkt. #18 at 8-9, citing Social Security Program Fact Sheet, available at http://www.ssa.gov/OACT/FACTS/fs2007_06.html and FY 2006 Performance and Accountability Report at 76, available at http://www.ssa.gov.finance/Performance_Section.pdf.

Finally, Defendant tries to differentiate *McKentry* by stating that Plaintiff in this case admitted that he had moved and neither he nor his attorney advised the Agency of his change of address while no such problem existed in *McKentry*. ECF Dkt. #18 at 10. Admittedly, Plaintiff should have notified the Agency of any change in his address. However, his attorney indicated in her October 12, 2006 letter to the SSA that Plaintiff never received the denial on his request for reconsideration and the denial must have been sent to his old address from which he had moved in

-7-

January 2006. ECF Dkt. #11-3. The change of address is really not an issue because Plaintiff did not move until January 2006 and the issue date of the notice of denial of reconsideration was March 21, 2005. While no evidence exists establishing a date of mailing of the notice, the Court finds it highly unlikely that the SSA would have waited until January 2006, almost one year after issuing the denial, before mailing out the notice.

Nevertheless, in *Hobt v. Commissioner of Social Security*, No. 05-5631, 175 Fed. Appx. 709, 2006 Fed. App. 0252N (6th Cir. Apr. 11, 2006), unpublished, the Sixth Circuit remanded a claimant's social security claim, holding that "The ALJ's use of a presumption of receipt with[sic] 5 days of the alleged date of mailing was contrary to the case law of this Circuit. *Id.* As this Court explained in *McKentry,* a presumption of receipt is inappropriate where there is no evidence that the notice was ever mailed. *Id.* Additionally, the *McKentry* court expressly held that a dated copy of the notice in a claimant's file was not proof mailing." *Id.* The same holding applies in the instant case as the only evidence set forth by Defendant is the March 21, 2005 notice of denial of reconsideration, which is insufficient to establish mailing of the notice.

Accordingly, since its records do not show that the notices of the denial of reconsideration were mailed to Plaintiff and/or his attorney, Defendant cannot rely upon the five-day presumption of receipt of the notice. Further, Defendant has not otherwise established that Plaintiff and/or his attorney received the notice of denial of reconsideration. Consequently, this Court finds that Plaintiff's due process rights were violated and the ALJ's dismissal of Plaintiff's hearing request was improper. The Court therefore REMANDS this case to the SSA for a hearing on the merits of Plaintiff's claim for benefits.

## **III.** **CONCLUSION**

For the foregoing reasons, the Court finds that Plaintiff's due process rights were violated and the ALJ improperly dismissed Plaintiff's hearing request. Accordingly, the Court REMANDS this case for a hearing of Plaintiff's claim on the merits.

IT IS SO ORDERED.

Dated: May 29, 2008  /s/*George J. Limbert*
GEORGE J. LIMBERT
United States Magistrate Judge